KULIK PHOTOGRAPHY, Plaintiff,

v.

Johnnie L. COCHRAN, Jr. and
F. Lee Bailey, Defendants.

Civil Action No. 97–929–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 8, 1997.

John M. DiJoseph, Arlington, VA, for Plaintiff.

Zuckerman, Spaeder, Goldstein, Taylor & Kolker, LLP, Vienna, VA, for Defendant.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court on Defendants Johnnie L. Cochran, Jr. and F. Lee Bailey's Motion to Dismiss. As grounds for the Motion, Defendants assert Lack of Personal Jurisdiction, Insufficiency of Process, Improper Venue, and Failure to State a Claim.

Plaintiff Kulik Photography ("Kulik") alleges in its Complaint that the Defendants violated the copyrights laws of the United States by using a photograph belonging to, and copyrighted by, the Plaintiff. The Defendants used the photograph in a courtroom in California as part of their defense of O.J. Simpson. The Plaintiff contends that this case is properly brought because the Defendants ignored warnings about the copyrighted nature of the photograph and used the photograph knowing that it would be displayed, via television, to the Commonwealth of Virginia.

## I.

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action lacking the requisite personal jurisdiction. Even when the cause of action is purely federal question, a district court applies the relevant state statute to determine whether the court has personal jurisdiction over a defendant. *See* Fed.R.Civ.P. 4(e)-(f). Determining whether personal jurisdiction exists is a two-step process which requires assessing (1) whether the particular facts and circumstances of a case fall within the state's statutory language and (2) whether the Due Process Clause of the Constitution would permit such jurisdiction to be asserted. *See Ellicott Mach. Corp. v. John Holland Party, Ltd.,* 995 F.2d 474, 477 (4th Cir.1993). Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *See English & Smith v. Metzger,* 901 F.2d 36, 38 (4th Cir.1990). The plaintiff always bears the burden of demonstrating personal jurisdiction once its existence is questioned by the defendant. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993).

## II.

The Plaintiff first contends that the Federal Rules of Civil Procedure do not apply to this case. The Court has not been directed to any Fourth Circuit law on this issue, but the Plaintiff has provided an opinion from Magistrate Judge Crigler in the Western District of Virginia that is not published in the Federal Supplement or on Westlaw. *Hennon v. Kirklands, Inc.,* 1995 WL 490266 (W.D.Va.1995).[1] While the Court does not know of another court to directly confront the issue, the Court is aware of numerous courts which have applied the Federal Rules of Civil Procedure to the Copyright Act since the 1976 Amendments. *See, e.g., Denbicare U.S.A. Inc. v. Toys 'R' Us Inc.,* 84 F.3d 1143 (9th Cir.1996) (affirming grant of summary judgment under Federal Rule 54(b) on copyright infringement case); *Computer Data Systems, Inc. v. Kleinberg,* 759 F.Supp. 10,

13 (D.D.C.1990) (though denying motion, court assessed summary judgment under 17 U.S.C. § 201(b) according to Rule 56); *Keeler Brass Co. v. Continental Brass Co.,* 678 F.Supp. 1190, 1195 (M.D.N.C.1988) (court expressly followed Rule 52 in making findings of fact and conclusions of law). Even if the Federal Rules do not govern this case, however, the outcome remains unchanged because personal jurisdiction invokes constitutional issues.

The foundation on which the Plaintiff builds the remainder of his argument is that Cochran and Bailey were responsible for the televising of the copyrighted photograph into this District. Plaintiff contends that "Court TV was merely the instrument of infringement. 'But for' the acts of Cochran and Bailey no infringement would have occurred." Pl.'s Brief at 4.

The Court cannot accept that argument. Assuming for purposes of this Motion that the Defendants did violate the copyright laws, the offensive activity transpired in California. This case presents the same issue as the Eleventh Circuit confronted in *Madara v. Hall,* 916 F.2d 1510 (11th Cir.1990). In that case, the defendant, a musician, was sued in Florida on the basis of a telephone interview that he gave while in New York. The reporter on the phone was in California, and the defendant's remarks were subsequently circulated in a magazine across the country. The Court held that, even if the defendant were aware that the subsequent publication would occur, it was not enough to impose personal jurisdiction over him. According to the opinion, the Due Process clause does not permit the long-arm statute of Florida to extend to that action in New York and/or California.

In this case, even assuming that the Defendants knew that their actions would be televised, the television stations were not agents of, nor were under the control of, the Defendants. The Defendants cannot be said to have purposefully availed themselves of

---

1. The Court notes that the Fourth Circuit issued an unpublished opinion in that case affirming the district court's denial of a preliminary injunction, though it did not address the issue of whether the Federal Rules applied to copyright cases. *See Hennon v. Kirkland's Inc.,* 1995 WL 490266 (4th Cir. 1995) (unpublished opinion).

the Commonwealth of Virginia by using the photograph at issue in a trial in California. In addition, the Defendants could not have reasonably foreseen being sued in Virginia for that activity. Minimum contacts fail to exist in this case. Accordingly, Plaintiff has failed to adequately established personal jurisdiction in this matter.

■ In addition, venue is improper. Under 28 U.S.C. § 1400(a), venue is proper where the Defendants may be "found." Neither Defendant lives in this District, and the Court has already held that neither is subject to personal jurisdiction in this case. Venue may also be properly raised under 28 U.S.C. 1391 where a "substantial part" of the events at issue transpired. The events in this case transpired in California, and thus venue here is improper.

■ Because no personal jurisdiction exists and the venue is improper, the Court need not consider the other bases asserted. However, the Court does believe that the Defendants have accurately argued that the action at issue would be privileged because it transpired during the course of a judicial proceeding. In many instances, otherwise actionable conduct is not a proper basis for suit because it transpired during a lawsuit. *See, e.g., Watt v. McKelvie*, 219 Va. 645, 248 S.E.2d 826, 828 (1978) (in Virginia, no defamation claim can be brought against witness because "absolute privilege ... attaches to the relevant testimony of a witness during a judicial proceeding."). The Defendants have cited a California statute which expressly protects a publication "in any judicial proceeding" as privileged. *See* Calif. Civil Code § 47(b)(2).

■ The Court also finds the Defendants' "fair use" argument to be persuasive. The statute itself states that "news reporting" is a legally recognized "fair use." 17 U.S.C. § 107. Plaintiff failed to address this argument in its Opposition, and ignored the fact that Court TV had a legal right to provide television news coverage of the trial in California to the rest of the country. Accordingly, the only action to have transpired in Virginia (the televising of the trial) was a legal and proper "fair use."

The Court makes one final note about the Plaintiff's argument that the Defendants acted improperly in using a copyrighted photograph without permission. The photograph at issue had already been admitted into evidence by the presiding trial judge, and the Defendants were representing a client who faced two murder charges. This Court cannot agree that the Defendants did anything wrong in using an item of evidence already accepted into the case during their closing argument. To permit otherwise would permit the copyright laws to trump the constitutional rights of a criminal defendant.

The Court notes that these Defendants should not be required to face trial on these claims anywhere. The Court does not believe that a transfer of this case serves the interests of justice. A more appropriate result is dismissal. Accordingly, this Court grants the Defendants' Motion and orders this case dismissed with prejudice.

An appropriate Order shall issue.

### ORDER

For the reasons stated in the attached Memorandum Opinion, it is hereby ORDERED that:

(1) the Defendants' Motion to Dismiss is GRANTED;

(2) this case be dismissed with prejudice;

(3) a copy of this Order and attached Memorandum Opinion be issued to all counsel of record; and

(4) THIS CAUSE IS FINAL.